IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| VIRLON BROWN, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION |
| v. | ) | FILE NO.: 1:20-cv-00057-LAG |
| | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL**

Plaintiff, VIRLON BROWN, by and through his undersigned counsel, amends his initial Complaint and sues Defendant, AUTO-OWNERS INSURANCE COMPANY (AUTO-OWNERS), for breaches of its insurance contract with Plaintiff. In support of his claim, Plaintiff states:

**JURISDICTION AND VENUE**

1. This is an action for damages in excess of the jurisdictional limits of this Court.

2. The events leading to Plaintiff, VIRLON BROWN'S cause of action accrued in Decatur County, Georgia; therefore, venue is proper in this Court.

3. Plaintiff, VIRLON BROWN, was at all times material hereto, a resident of Decatur County, Georgia.

4. Defendant, AUTO-OWNERS INSURANCE COMPANY, was at all times material hereto, a foreign corporation authorized to do business in the State of Georgia.

## GENERAL ALLEGATIONS

5. On or about April 24, 2007, Defendant, AUTO-OWNERS required that Plaintiff install, at Plaintiff's cost, certain flood vents at all crawl-space openings on his primary residence, as a pre-requisite to purchasing an AUTO-OWNERS Homeowner's Policy <u>and</u> National Flood Insurance policy through its local agency, Palmer Insurance Agency, located in Bainbridge, Decatur County, Georgia.

6. Plaintiff, VIRLON BROWN, did install the required flood vents and received an "Engineered Flood Openings Certificate," satisfying requirements for the National Flood Insurance Program and enabling him to purchase Homeowner's and Flood Insurance Policies from Defendant, AUTO-OWNERS. Plaintiff thereafter purchased these policies from Defendant, AUTO-OWNERS, for each successive year and remains a policy holder with Defendant. (See attached Homeowner's Policy).

## FACTS SUPPORTING PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT

7. On or about October 10, 2018, as Hurricane Michael passed over South Georgia, including Decatur County, Plaintiff, VIRLON BROWN, upon hearing a door slam and something fall hard outside his house, inadvertently left water

running in a stopped kitchen sink when he raced outside to see if a tree had fallen on his house.

7. While outside checking on the condition of his property, the kitchen sink overflowed and damaged the wood floor of his home.

8. Plaintiff, VIRLON BROWN and his wife, used towels to mop up the sink water and dry their wood floor. Thereafter, Plaintiff noticed damage to the surfaces of his wood floor and sink cabinet.

9. Because his home was damaged by water from the kitchen sink in his home, a covered loss, Plaintiff, VIRLON BROWN, filed a claim for damages with Defendant, AUTO-OWNERS.

10. By letter dated March 26, 2019, Defendant, AUTO-OWNERS, denied coverage for the claimed damage to Plaintiff's home. Defendant, AUTO-OWNERS, denied Plaintiff's claim as damage caused by "wear and tear and maintenance related issues."

11. On October 1, 2019, the undersigned attorney for Plaintiff sent, via certified mail/return receipt requested, a "Demand for Payment Pursuant to Official Code of Georgia (O.C.G.A.) § 33-4-6," attached. Defendant, AUTO-OWNERS, received Plaintiff's demand letter on October 7, 2019 (see return receipt, attached).

12.     Thereafter, on December 20, 2019, a Senior Building Scientist from a forensic engineering firm, Arcadia ILC, inspected Plaintiff's home crawlspace and found that ongoing condensation was long-present under the house and was primarily caused by the installation of the specific flood vents Defendant, AUTO-OWNERS, required that Plaintiff install years earlier.  Damage was also found on the surface of Plaintiff's wood floors, consistent with water damage from the sink that overflowed.

13.     With respect to the crawlspace condensation found by Plaintiff's inspector, the "SMART" flood vents installed on Plaintiff's home remain closed until activated by ground water pressing against them.  These vents do not ordinarily allow outside air to pass into, under, and through the crawl space under Plaintiff's house.  In an air-conditioned home, as is Plaintiff's house, the floor cools to a dew point and creates warm moist air in the home's crawl space.  This warm air, unventilated, creates condensation that does not dissipate.

14.     The presence of the flood vents installed at Defendant, AUTO-OWNERS'S behest, are the primary cause of the sub-floor condensation that contributed to the damage in Plaintiff's home.  Thereafter, Defendant , AUTO-OWNERS, refused to pay Plaintiff's claim for damages which it caused, through its requirement that Plaintiff install flood vents before it would issue him

homeowner's and flood insurance policies and, for lesser damages to the floor surfaces also caused by the accidental overflow of Plaintiff's kitchen sink.

15. As a direct and proximate result of Defendant, AUTO-OWNERS'S, requirement that Plaintiff install certain flood vents in his home, which he did, resulting in obvious and ascertainable damages to that home, Plaintiff, VIRLON BROWN, has a home with diminished value and ongoing water damage that is permanent and continuing in nature.

16. Defendant, AUTO-OWNERS INSURANCE COMPANY'S, failure to pay Plaintiff's claim for water damage to his home is unsupportable, without a sound basis in fact or law, and in bad faith.

## **COUNT 1 - BREACH OF THE INSURANCE CONTRACT (SMART VENTS)**

17. Plaintiff, VIRLON BROWN, realleges and reaffirms Paragraphs 1 – 16, as if fully set forth herein.

18. At all times relevant to Plaintiff's this cause of action, a valid insurance contract existed between Plaintiff, VIRLON BROWN, and Defendant, AUTO-OWNERS INSURANCE COMPANY.

19. In failing to pay Plaintiff's claim for water damages to his home caused by its requirement that Plaintiff install certain crawlspace vents in order to receive a flood insurance policy issued by it, Defendant, AUTO-OWNERS INSURANCE COMPANY, breached the insurance contract between the parties

(Policy 47-124-185-00), specifically Section 1.(a)(1), entitled "Coverage A – Dwelling" which states:

> "We cover:
> (a) your dwelling located at the residence
> Premises including structures attached
> to that dwelling. This dwelling must be
> used principally as your private residence."

20. Plaintiff, VIRLON BROWN'S, home – covered at all times relevant by the attached contract of insurance – has suffered coverable and ongoing water damage due to Defendant's failure to pay Plaintiff, VIRLON BROWN'S, valid claim.

WHEREFORE, Plaintiff, VIRLON BROWN, demands judgment against Defendant, AUTO-OWNERS INSURANCE COMPANY, for the sum of $206,515.46, as well as all taxable costs of litigation, attorneys' fees, and such other relief as may be deemed just and proper.

**COUNT 2 - BREACH OF THE INSURANCE CONTRACT (SINK OVERFLOW)**

21. Plaintiff, VIRLON BROWN, realleges and reaffirms Paragraphs 1 – 16, as if fully set forth herein.

22. At all times relevant to Plaintiff's this cause of action, a valid insurance contract existed between Plaintiff, VIRLON BROWN, and Defendant, AUTO-OWNERS INSURANCE COMPANY.

23. In failing to pay Plaintiff's claim for water damages to his home caused by the accidental overflow of his kitchen sink, Defendant, AUTO-OWNERS INSURANCE COMPANY, breached the insurance contract between the parties (Policy 47-124-185-00), specifically Section 1.(a)(1), entitled "Coverage A – Dwelling" which states:

> "We cover:
> (a) your dwelling located at the residence
> Premises including structures attached
> to that dwelling. This dwelling must be
> used principally as your private residence."

24. Plaintiff, VIRLON BROWN'S, home – covered at all times relevant by the attached contract of insurance – has suffered coverable and ongoing water damage due to Defendant's failure to pay Plaintiff, VIRLON BROWN'S, valid claim.

WHEREFORE, Plaintiff, VIRLON BROWN, demands judgment against Defendant, AUTO-OWNERS INSURANCE COMPANY, for the sum of $206,515.46, as well as all taxable costs of litigation, attorneys' fees, and such other relief as may be deemed just and proper.

**Plaintiff demands a jury trial on all issues so triable.**

Respectfully Submitted this ____ day of April, 2020.


                                                  /s/Max G. Factor___
                                                  Max G. Factor
                                                  Georgia Bar No. 253910


**MAX FACTOR**
**ATTORNEY AT LAW, P.A.**
115 N. Calhoun Street
Tallahassee, FL 32301

Telephone:  (850)577-1699
                 (850)577-1698
Email:       max@maxfactorlaw.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| VIRLON BROWN, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION |
| v. | ) | FILE NO.: 1:20-cv-00057-LAG |
| | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing Amended Complaint in this matter by electronically filing the same with the Court via the CM/ECF system, to the following counsel of record:

>Chad M. Brock
>Michael C. Kendall
>3152 Golf Ridge Blvd. Suite 201
>Douglasville, Georgia 30135
>mckendall@kendallmandell.com
>cmbrock@kendallmandell.com

This 20th day of April, 2020.

/s/Max G. Factor_____
Max G. Factor